BERLIN MILLS CO. v. WENTWORTH'S LOCATION.

A river is a "body of water" within the meaning of Gen. Laws, c. 48, s. 1. Taxation and protection are reciprocal. In a town in which a chattel has no *situs*, and in which its owner does not reside, it is not taxable for expenses of the town not actually or presumptively beneficial to the owner.

PETITION, for the abatement of a tax assessed by the defendant's assessors upon the plaintiffs' logs, which were cut in the unorganized places, College Grant and Dixville, and which, on the first day of April, were in those places upon the Swift Diamond river. The defendant was the nearest organized town. "Timber, logs, and lumber, lying in or upon any body of water in this state, outside the boundary or limits of any town therein, shall be taxed its full value in the town nearest and opposite such property." Laws 1878, c. 48, s. 1.

*Ray, Drew & Jordan*, for the plaintiffs.

*Dudley & Remick*, for the defendant.

BINGHAM, J. A river has been defined as a natural stream of water flowing betwixt banks or walls in a bed of considerable depth and width, being so called whether its current sets always one way, or flows and reflows with the tide (2 Bouv. L. Dic. 487), and as water flowing in a channel between banks more or less defined. *Rex* v. *Orfordshire*, 1 B. & Ad. 289; *State* v. *Gilmanton*, 14 N. H. 467, 478. A river is a body of water, in an ordinary sense, and there is nothing to show that it is not a body of water within the meaning of the act of 1878.

When a petition for laying out a highway is referred to the county commissioners, any town in which the highway may be may have another town, situated in the vicinity, that will be greatly benefited by the highway, cited in, and if a case is made that brings such towns within the statute, it may be charged with a just proportion of the expense. G. L., c. 68, ss. 10, 11, 12. Similar statutes may be found, but underlying all such legislation is the principle that the one who contributes should receive benefits, actual or presumptive, in proportion to the tax he is required to pay. In *Morford* v. *Unger*, 8 Iowa 92, it is said,—"If there be such a flagrant and palpable departure from equity, in the burden imposed; if it be imposed for the benefit of others, or for purposes in which those objecting have no interest, and are, therefore, not bound to contribute, it is no matter in what form the power is exercised : whether in the unequal levy of a tax, or in the regulation of the boundaries of the local government, which results in subjecting the party unjustly to local taxes, it must be regarded as coming within the prohibition of the constitution designed to pro-

tect private rights against aggression, however made, and whether under the color of recognized power or not." When a pecuniary burden is imposed upon a citizen in the form of a tax, two questions may always be raised,—first, whether the purpose of such burden may properly be considered public, and second, if public, whether the burden is one which should properly be borne by the district upon which it is imposed. Cooley Const. Lim. 494. Taxation is the equivalent for the protection which the government affords to the persons and property of its citizens, and in justice it should be borne only by those whose persons and property are protected. The plaintiffs are entitled to no actual or presumed protection or benefit from the tax assessed upon these logs for the local purposes of the defendants. The plaintiffs are not residents of Wentworth's Location, and the logs were never within its territorial limits. We see no reason why the defendant's assessors might not as well be authorized to tax the goods exposed for sale on the sidewalks in the city of Concord on the first day of April in each year for the local purposes of Wentworth's Location, as to tax the plaintiffs' logs in College Grant or Dixville. Taxes upon property must be reasonable and proportional, and there should be taxing districts and a rule of uniformity. A state tax should be apportioned through the state; a county tax through the county; a town or city tax through the town or city; while in the case of local improvements that in a special and peculiar manner benefit some portion of the state, or of a county or town, there may be a special taxing district, within which the expense may be apportioned. Dil. Mun. Corp. 739; Cool. Const. Lim. 495; *Opinion of the Justices*, 4 N. H. 565, 568, 569, 570. To render taxation uniform, it is essential that each taxing district should confine itself to the objects of taxation within its limits; otherwise there may be double taxation and inequality. Cool. Const. Lim. 499. In *Wells* v. *Weston*, 22 Mo. 384, it was held that property located in one taxing district cannot be subjected to taxation in another, as it would be the arbitrary taxation of one class of citizens for the benefit of another class. A taxing district might be established for certain purposes common to the entire district, so that the plaintiffs could have the protection and benefit of the local taxation in common with all the citizens and owners of property in the district. But, assessed as the tax is for the local purposes of the defendant town, it is illegal. *Dorgan* v. *Boston*, 12 Allen 223, 237. The state and county tax included in the tax in question is also invalid. College Grant and Dixville being unincorporated places, the state and county treasurers had assessed the tax apportioned to them under the provisions of Gen. Laws, *c.* 60, *ss.* 1, 2.

*Case discharged.*

SMITH, J., did not sit: the others concurred.